Mark E. Ellis – 127159
Amanda N. Griffith - 288164
Anthony P. J. Valenti - 284542
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendant NATIONAL ENTERPRISE SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ARLENE TIMLICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC., an Ohio corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Federal Case No.:<br><br>Lake County Case No.:  CV416920<br><br>**DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (DIVERSITY)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant NATIONAL ENTERPRISE SYSTEMS, INC. hereby removes to this Court the state court action described below:

1. On December 27, 2016, an action was commenced in Superior Court, State of California, Lake County, entitled LISA ARLENE TIMLICK, Plaintiff, v NATIONAL ENTERPRISE SYSTEMS, INC., Defendant, as case number CV416920.

2. On or about January 4, 2017, NATIONAL ENTERPRISE SYSTEMS, INC., was served with the Summons and Complaint, attached hereto as **Exhibit A**.

3. This Court has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under **28 U.S.C. § 1332(d)** and the **Class Action Fairness Act of 2005**, and is one which may be removed to this Court by defendant pursuant to the provisions of **28**

U.S.C. § 1441(b), in that it is a putative class action involving at least 100 class members and the combined claims of all class members exceeds $5,000,000, exclusive of interest and costs.

4.  This Court also has jurisdiction to hear this case because this action is a civil action of which this Court has original jurisdiction under **28 U.S.C. § 1332(a)**, and is one which may be removed to this Court by defendant pursuant to the provisions of **28 U.S.C. § 1441(b)**, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.  Both complete and minimal diversity of citizenship exists in that the only named Plaintiff, LISA ARLENE TIMLICK, is a citizen of the State of California, and the only named Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., was and is a corporation incorporated under the laws of the State of Ohio and having its principal place of business in the State of Ohio and is the only defendant that has been served with summons and complaint in this action.

Dated: February 3, 2017

ELLIS LAW GROUP, LLP

By /s/ *Amanda N. Griffith*
Amanda N. Griffith
Attorney for Defendant
NATIONAL ENTERPRISE SYSTEMS, INC.

DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (DIVERSITY)

# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT
COUNTY OF LAKE

DEC 27 2016

BY Krista D. LaVier / Susan Rigby
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL ENTERPRISE SYSTEMS, INC., an Ohio corporation; and DOES 1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISA ARLENE TIMLICK, individually and on behalf of all others similarly situated.

> **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
>
> You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
>
> There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
>
> *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
>
> *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
>
> *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of Lake County
255 N. Forbes Street, Room 417
Lakeport, CA 95453

**CASE NUMBER:** CV 416920

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Fred W. Schwinn (SBN 225575)
Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, California 95113-2418
(408) 294-6100

**DATE:** DEC 27 2016
*(Fecha)*

Clerk, by Krista D. LaVier / Susan Rigby, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

   National Enterprise Systems, Inc., an Ohio Corporation

3. ☒ on behalf of *(specify)*:
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
LISA ARLENE TIMLICK

FILED
SUPERIOR COURT
COUNTY OF LAKE

DEC 27 2016

Susan Rigby
BY_____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LAKE
## LAKEPORT DIVISION

| | |
|---|---|
| LISA ARLENE TIMLICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC., an Ohio corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 416920<br>(Unlimited Civil Case)<br><br>CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES<br><br>California Civil Code § 1788 et seq.<br>California Civil Code § 1812.700 et seq. |

Plaintiff, LISA ARLENE TIMLICK, on behalf of herself and all others similarly situated, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## INTRODUCTION

1. This is a consumer class action brought pursuant to the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and California Civil Code §§ 1812.700-1812.702 which requires that California consumers be provided a "Consumer Collection Notice."

- 1 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

2. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

California Civil Code § 1788.1(a)(1).

3. Plaintiff, LISA ARLENE TIMLICK, on behalf of herself and all persons similarly situated, seeks statutory damages against Defendants arising from their routine practice of sending initial written communications, like the one sent to Plaintiff, which fail to provide the "Consumer Collection Notice" required by California Civil Code § 1812.700(a), in a type-size that is at least the same type-size as that used to inform the debtor of his or her specific debt or in at least 12-point type, in violation of California Civil Code § 1812.701(b).

4. As a result, Defendants have engaged in unlawful acts in connection with their attempt to collect defaulted consumer debts from Plaintiff and the Class.

## JURISDICTION AND VENUE

5. The California Superior Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10 and California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." This Court also has jurisdiction over this action pursuant to California Civil Code § 1788.30(f), which provides for enforcement in any court of competent jurisdiction. The statutes under which this action is brought do not grant jurisdiction to any other trial court in California.

6. This Court has jurisdiction over each Defendant named herein because, based on information and belief, each Defendant is a corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business, has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails

itself of the California market through the promotion, sale, marketing and/or distribution of goods and services in California and thereby having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in the Lake County Superior Court, pursuant to California Code of Civil Procedure §§ 395 and 395.5, because one or more of the violations alleged in this Complaint arise in the County of Lake. Venue is also proper in the Lake County Superior Court, pursuant to California Code of Civil Procedure § 395(b), because this action arises from an extension of credit intended primarily for personal, family or household use and Plaintiff (the borrower) resided in the County of Lake at the commencement of this action.

8. The total amount in controversy as to Plaintiff and each member of the Proposed Class does not exceed seventy-four thousand, nine hundred and ninety-nine dollars ($74,999) each, exclusive of interest and costs. Plaintiff disclaims any compensatory damages, punitive damages, declaratory, injunctive, or equitable relief greater than ($74,999) per individual Class member. Plaintiff and the Proposed Class limit their total class wide claims to less than four million, nine hundred and ninety-nine thousand, nine hundred and ninety-nine dollars ($4,999,999.00).

9. Plaintiff and the proposed Class seek only statutory damages in this action and do not allege in this Class Action Complaint for Statutory Damages that they, or any of them, have suffered a concrete injury within the meaning of Article III of the United States Constitution and the Supreme Court's related interpretation.[1]

**PARTIES**

10. Plaintiff, LISA ARLENE TIMLICK (hereinafter "Plaintiff"), is a natural person residing in Lake County, California. Plaintiff is a "debtor" as that term is defined by California Civil

---

[1] See, *Spokeo, Inc. v. Robins*, ___ U.S. ___, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016).

Code § 1788.2(h).

11. Defendant, NATIONAL ENTERPRISE SYSTEMS, INC. (hereinafter "NATIONAL"), is an Ohio corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 2479 Ededison Boulevard, Unit A, Twinsburg, Ohio 44087. NATIONAL may be served as follows: National Enterprise Systems, Inc., c/o CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. The principal business of NATIONAL is the collection of defaulted consumer debts using the mails and telephone, and NATIONAL regularly attempts to collect defaulted consumer debts alleged to be due another. NATIONAL is a "debt collector" as that term is defined by California Civil Code § 1788.2(c). NATIONAL is a "third-party debt collector subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.)", within the meaning of California Civil Code § 1812.700(a).

12. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants, DOES 1 through 10, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused damages thereby to the Plaintiff, as hereinafter alleged. Defendant, DOES 1-10, are, and each of them is, a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and a "third-party debt collector subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.)", within the meaning of California Civil Code § 1812.700(a).

13. At all times herein mentioned, each of the Defendants was the agent, servant,

- 4 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

employee and/or joint venturer of his/her/its Co-Defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

14. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants, DOES 1-10, inclusive, were and are individuals, corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said Defendants, and each of them, have regularly conducted business in the County of Lake, State of California.

## FACTUAL ALLEGATIONS

15. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation in the form of a consumer credit account issued by BANK OF AMERICA, N.A. (hereinafter the "debt"). The debt to BANK OF AMERICA, N.A., was incurred primarily for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

16. Thereafter, Plaintiff was unable to pay the debt and defaulted on her payments to BANK OF AMERICA, N.A.

17. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was assigned, consigned or otherwise transferred to Defendants for collection from Plaintiff.

18. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff in an attempt to collect the debt.

19. A true and accurate copy of Defendants' collection letter to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

20. The collection letter (Exhibit "1") is dated January 13, 2016.

21. The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the debt.

22. The collection letter (Exhibit "1") notifies Plaintiff of her specific debt in 10-point type.

23. The collection letter (Exhibit "1") provides the notice required by California Civil Code § 1812.700(a) in 8-point type.

24. The collection letter (Exhibit "1") fails to provide the notice required by California Civil Code § 1812.700(a) in a type-size that is at least the same type-size as that used to inform Plaintiff of her specific debt or in at least 12-point type.

## DEFENDANTS' ROUTINE PRACTICES

25. It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which seek to collect defaulted consumer debts incurred for personal, family, or household purpose.

26. It is the standard practice and policy of Defendants to send initial collection communications in the form of Exhibit "1" which fail to contain the "Consumer Collection Notice" required by California Civil Code § 1812.700(a), in a type-size that is at least the same type-size as that used to inform the debtor of his or her specific debt or in at least 12-point type, in violation of California Civil Code § 1812.701(b).

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a class of all other persons similarly

situated.

28. Plaintiff tentatively defines the class as (i) all persons with addresses in California (ii) to whom Defendants sent, or caused to be sent, an initial written communication in the form of Exhibit "1," (iii) in an attempt to collect a defaulted consumer debt originally owed to BANK OF AMERICA, N.A., (iv) which were not returned as undeliverable by the U.S. Post Office (v) during the period one year prior to the date of filing this action through the date of class certification.

29. Excluded from the class would be any officers, directors or legal representatives of Defendants, and any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff. Plaintiff reserves the right to modify the Class definition and Class period based on the results of discovery.

30. The class is so numerous that joinder of all members is impractical. On information and belief, collection notices in the form of Exhibit "1" have been sent to hundreds of California class members.

31. Defendants have acted with respect to the Class, in a manner generally applicable to Plaintiff and each Class member. There is a well-defined community of interest in the questions of law and fact involved in this action, which affects all class members. Questions of law and fact common to the class predominate over any questions peculiar to individual class members. The common questions include:

   a. Whether Defendants are debt collectors; and

   b. Whether Defendants sent Plaintiff and the Class initial written communication in the form of Exhibit "1" which fail to contain the "Consumer Collection Notice" required by California Civil Code § 1812.700(a), in a type-size that is at least the same type-size as that used to inform the debtor of his or her specific debt or in at least 12-point type,

- 7 -
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

in violation of California Civil Code § 1812.701(b).

32. There are no individual questions of law or fact, other than whether a class member was sent the offending collection communication, which can be determined by ministerial inspection of Defendants' records.

33. Plaintiff will fairly and adequately represent and protect the interest of the Class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class claims and litigation brought pursuant to various consumer protection statutes, including the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 ("RFDCPA") and the California Fair Debt Buying Practices Act, California Civil Code §§ 1788.50-1788.64 ("CFDBPA"). Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim. Plaintiff and her counsel will vigorously pursue this matter.

34. Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff and other Class members were similarly harmed by the actions of Defendants and the claims alleged herein all arise from the same operative facts and are based on the same legal theories. Plaintiff is a member of the Class she seeks to represent and she has suffered harm due to the unfair, deceptive and unlawful practices of Defendants.

35. Defendants have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds generally applicable to the Class, thereby making it appropriate to provide relief with respect to the Class as a whole.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the class members who received written communications in the form of Exhibit

"1" have no knowledge that their rights are being violated by illegal collection practices. The interest of the class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000, pursuant to the RFDCPA, California Civil Code § 1788.17.[2] Management of this class action is likely to present significantly fewer difficulties than those presented in many other class actions.

37.  A class action is the best available method of the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and unduly burdensome to the courts, and have the potential to result in inconsistent or contradictory judgments. There are no unusual difficulties likely to be encountered in the management of this litigation as a class action. A class action presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38.  Certification of the Class under California Code of Civil Procedure § 382 is appropriate in that:

   a.  The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

   b.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39.  Certification of a class under California Code of Civil Procedure § 382 is also appropriate in that Defendants' acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

40.  Plaintiff and the Class are entitled to an award of attorney fees and costs against Defendants, pursuant to the RFDCPA, California Civil Code § 1788.17.[3]

---

[2] Incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[3] Incorporating by reference 15 U.S.C. § 1692k(a)(3).

-9-
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES

## FIRST CAUSE OF ACTION

## CALIFORNIA CONSUMER COLLECTION NOTICE

41. Plaintiff brings the first cause of action against Defendants under California Civil Code §§ 1812.700-1812.702.

42. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

44. Defendant, NATIONAL, is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

45. Defendant, NATIONAL, is a "third-party debt collector subject to the federal Fair Debt Collection Practices Act (15 U.S.C. Sec. 1692 et seq.)", within the meaning of California Civil Code § 1812.700(a).

46. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

47. Defendants failed to include the notice required by California Civil Code § 1812.700(a) in their first written notice to Plaintiff in a type-size that was at least the same type-size as that used to inform Plaintiff of her specific debt or in at least 12-point type, in violation of California Civil Code § 1812.701(b).

48. As a result of Defendants' violations of California Civil Code § 1812.701(b), Plaintiff is entitled to an award of statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to California Civil Code § 1812.702.[4]

49. As a result of Defendants' violations of California Civil Code § 1812.701(b), the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred

---

[4] California Civil Code § 1788.17, incorporating by reference 15 U.S.C. §§ 1692k(a)(2)(A) and (B)(i).

thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to California Civil Code § 1788.17.[5]

50. As a result of Defendants' violations of California Civil Code § 1812.701(b), Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to California Civil Code § 1812.702.[6]

51. Pursuant to California Civil Code § 1788.32, the remedies provided under California Civil Code § 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Certify this case as a class action and appoint Plaintiff and Plaintiff's counsel to represent the Class;

c) Find that Defendants' collection letter attached hereto as Exhibit "1" violates California Civil Code § 1812.701(b);

d) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to California Civil Code § 1788.17[7] for violation of California Civil Code § 1812.701(b);

e) Award the Class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant, pursuant to California Civil Code § 1788.17,[8] for Defendants'

---

[5] Incorporating by reference 15 U.S.C. § 1692k(a)(2)(B)(ii).
[6] California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3).
[7] Incorporating by reference 15 U.S.C. § 1692k(a)(2)(A).
[8] Incorporating by reference 15 U.S.C. § 1692k(a)(2)(B)(ii).

violation of California Civil Code § 1812.701(b);

f) Enter an Order enjoining Defendants from continuing the practices at issue in this case, pursuant to California Civil Code § 3422;

g) Award Plaintiff the costs of this action and reasonable attorney's fees, pursuant to California Civil Code § 1788.17;[9] and

h) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

Dated: December 26, 2016

By: _____
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
LISA ARLENE TIMLICK

---

[9] Incorporating by reference 15 U.S.C. § 1692k(a)(3).

-12-
CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES



**NATIONAL ENTERPRISE SYSTEMS**
2479 Edison Blvd., Unit A • Twinsburg, OH 44087-2340

Creditor: Bank of America, N.A.
Account Number: XXXXXXXXXXXX7048
Previous Account Number: XXXXXXXXXXXX5716
NES Account Number: 21554734
Date of Referral: 01/07/2016
Date of Issue: 12/29/2007

Please contact: (800) 973-0600

Total Amount Due: $2,200.10

January 13, 2016

Lisa A Timlick
PO Box 1314
Nice CA 95464-1314

This account has been listed with our office for collection.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

IDNNESU0001BDA_00512|210

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***

ONNES102
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

Daytime Phone: (____)_____-_____
Evening Phone: (____)_____-_____

127

Please forward all payments and correspondence to:
NATIONAL ENTERPRISE SYSTEMS
2479 Edison Blvd., Unit A
Twinsburg OH 44087-2340

Lisa A Timlick
PO Box 1314
Nice CA 95464-1314


EXHIBIT 1

January 13, 2016
NES Account #:    21554734
Account Number:   XXXXXXXXXXXX7048
Amount Due:       $2,200.10        Amt Paid: $_____

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

The National Enterprise Systems, Inc. Resident Manager for the State of Colorado is:
Virtuoso Sourcing Group, LLC
4500 Cherry Creek Drive South, Suite 300
Glendale, Colorado 80246
720-508-8689

**Maine and Massachusetts Residents:**
Office Hours: Mon and Wed 8:00 AM – 9:00 PM EST, Tues and Thurs 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.
Phone number: 877-603-7165

**Massachusetts Residents:**
NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York State Residents:**
Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to the use or threat of violence; the use of obscene or profane language; and repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: Supplemental security income, (SSI); Social Security; Public assistance (welfare); Spousal support, maintenance (alimony) or child support; Unemployment benefits; Disability benefits; Workers' compensation benefits; Public or private pensions; Veterans' benefits; Federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

**New York City Residents:**
New York City Department of Consumer Affairs License Number: 1129025
Phone number: 877-603-7165
Compliance Department Manager: Eric Thut

**North Carolina Residents:**
North Carolina Permit Number: 101691

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

IBACKER

ONNES102
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

GG16011AG0

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DPCH

Lisa A Timlick
PO Box 1314
Nice CA 95464-1314

010  LAFOAP1 95464

# CERTIFICATE OF SERVICE

I, Jennifer Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On February 3, 2017, I served the following document(s) on the parties in the within action:

**DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b) (DIVERSITY)**

| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |
|---|---|

Fred W. Schwinn  
Raeon R. Roulston  
Matthew C. Salmonsen  
Consumer Law Center, Inc.  
12 South First Street  
Suite 1014  
San Jose, CA 95113-2404

Attorneys for Plaintiff  
Lisa Arlene Timlick

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on February 3, 2017.

By: /s/ Jennifer Mueller