UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ARLENE TIMLICK,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.,<br><br>    Defendant. | Case No. 17-cv-00559-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

On December 27, 2016, Plaintiff Lisa Arlene Timlick ("Timlick") filed a class action complaint against Defendant National Enterprise Systems, Inc. ("NESI") and unknown defendants in the Superior Court of California, County of Lake. Dkt. No. 1, Ex. A ("Compl.").[1] On February 3, 2017, NESI filed its notice of removal, asserting that removal was proper under 28 U.S.C. § 1441(b) because the Court allegedly had original jurisdiction pursuant to the diversity statute, *id.* § 1332(a), and the Class Action Fairness Act of 2005 ("CAFA"), *id.* § 1332(d). Dkt. No. 1 ("Notice") ¶¶ 3–4. On February 15, 2017, Timlick filed her motion to remand, Dkt. No. 12, which is fully briefed and pending before the Court.[2]

The complaint's single cause of action alleges that Defendants violated section 1812.701(b) of the California Civil Code by "fail[ing] to include the notice required by California Civil Code § 1812.700(a) in their first written notice to Plaintiff in a type-size that was at least the same type-size as that used to inform Plaintiff of her specific debt or in at least 12-point type." Compl. ¶ 47. Consequently, the complaint asserts that "Plaintiff is entitled to an award of

---

[1] The complaint refers to the unknown defendants by the fictitious names "DOES 1 through 10." Compl. ¶ 12.
[2] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

1 statutory damages in the amount not to exceed $1,000 against each Defendant" and "the Class is entitled to an award of statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant." *Id.* ¶¶ 48–49. The complaint does not assert that Timlick or the putative class members suffered any actual damages. *See generally id.*

Statutory damages are recoverable for a violation of section 1812.701(b) of the California Civil Code. *See* Cal. Civ. Code 1812.702 ("Any violation of this act shall be considered a violation of the Rosenthal Fair Debt Collection Practices Act (Title 1.6C (commencing with Section 1788))."); *id.* § 1788.17 ("[E]very debt collector collecting or attempting to collect a consumer debt . . . shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."). For an individual plaintiff, these statutory damages may not exceed $1,000, 15 U.S.C. § 1692k(a)(2)(A), whereas for a class they may not exceed:

> (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

15 U.S.C. § 1692k(a)(2)(B); *see also Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 198 F.R.D. 503, 507 (N.D. Ill. 2001) ("I award the maximum allowable statutory damages [under § 1692k]: $1,000 for [the plaintiff], and either a half million dollars or 1% of the [defendant's] net worth, whichever is less, for the absent class members."). In short, statutory damages recoverable for the alleged violation of section 1812.701(b) of the California Civil Code are at most $1,000 for Plaintiff and $500,000 for the putative class members.

The Court finds that removal of this case was inappropriate because it could not have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Plaintiff's individual claim does not provide a basis for removal under the diversity jurisdiction statute because the amount in controversy, exclusive of interest and costs, cannot exceed $75,000. *See* 28 U.S.C. 1332(a). The class claim does not provide a basis for removal under CAFA because the aggregate amount in controversy, exclusive of interest and costs, cannot exceed $5 million. *See* 28 U.S.C. § 1332(d)(2); *Ibarra v. Manheim*

2

1  *Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). Thus, as to both the individual and class
2  claims, NESI has failed to meet its burden of proof for establishing jurisdiction. *See Matheson*,
3  319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in
4  controversy, the removing party must prove, by a preponderance of the evidence, that the amount
5  in controversy meets the jurisdictional threshold [of § 1332(a)]."); *Ibarra*, 775 F.3d at 1197
6  ("Whether damages are unstated in a complaint, or, in the defendant's view are understated, the
7  defendant seeking removal bears the burden to show by a preponderance of the evidence that the
8  aggregate amount in controversy exceeds $5 million when federal jurisdiction [based upon CAFA]
9  is challenged.").

Since the Court lacks subject matter jurisdiction over this action, remand is required. *See* 28 U.S.C. § 1447(c). However, the Court declines Timlick's request for attorney fees under § 1447(c) because Defendant's arguments in support of CAFA jurisdiction, while unpersuasive, are not objectively unreasonable. *See* Notice ¶ 4; Dkt. No. 14 at 4–7; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

For the foregoing reasons, the Court hereby **GRANTS** Timlick's motion to remand the case to the Superior Court of California, County of Lake. The clerk shall remand the case forthwith and close the case.

**IT IS SO ORDERED.**

Dated: 8/16/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

3